BARR, Respondent, v. ST. LOUIS & SUBURBAN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, October 31, 1905.

1. JUSTICES OF THE PEACE: Pleading. A statement of a cause of action before a justice of the peace is sufficient when it informs the defendant what the suit is for, on what account it is brought, and gives enough of the particulars to enable the defendant to prepare for defense.

2. PARTIES: Instructions: "Negligence." In an action for personal injuries received by plaintiff on account of the negligence of the defendant, an instruction to the jury authorizing a verdict for plaintiff is not bad for failure to use the word "negligence" in the findings required, where the jury is required to find facts which constitute negligence.

3. ———: ———: **Element of Damage.** In an action for damages on account of personal injuries, it is not error to refuse an instruction on behalf of the defendant directing the jury not to allow any damages for medical expense, where there was no evidence that any liability was incurred for that purpose and no instruction given on behalf of the plaintiff including medical expense as an element of damage.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*Jefferson Chandler* and *John Lionberger Davis* for appellant.

The statement of plaintiff's case upon which he seeks to recover is legally defective. Defendant's objection to the introduction of any evidence in support of said statement should therefore have been sustained. Defendant's instruction in the nature of a demurrer to the pleadings and evidence offered at the close of plaintiff's case, and again at the close of all the evidence in the case, should have been sustained by the court. Defendant's motion in arrest of judgment should also have been sustained for the same reason. Pat. Code Pldg., sec. 421; 14 Ency. Pl. & Pr., 34; Gurley v. Railway, 93 Mo. 445; Jacquin v. Railway, 57 Mo. App. 320; Railway v. Beery, 100 Ind. App. 560; Bindbeutal v. Railway, 43 Mo. App. 470; Raming v. Railway, 157 Mo. 477; Holwerson v. Railway, 157 Mo. 216.

*Paxson & Clark* for respondent.

(1) In regard to defendant's first point, that the complaint is legally defective, it is only necessary to call the court's attention to the fact that all the authorities cited by defendant apply only to courts of record, and that our appellate courts have held that such rules do not apply to cases originating before a justice of the peace. Bradley v. Sweiger, 61 Mo. App. 421; Polhans

v. Railroad, 45 Mo. App. 153; affirmed by the Supreme Court in 115 Mo. 535; Rechnitzer v. Railway Co., 60 Mo. App. 409; Razor v. Railway, 73 Mo. 473. (2) And it has been held that the rule which requires the plaintiff to plead special damages as a condition precedent to their recovery does not apply to actions instituted before justices. Glennville v. Railroad, 51 Mo. App. 629; Lee v. W. U. Tel. Co., 51 Mo. App. 375; Golden v. Clinton, 54 Mo. App. 117. (3) It has also been held that where the statement would be insufficient if the action were brought in a court of record, it may nevertheless be sufficient before a justice. Norton v. Railroad, 48 Mo. 387; Terti v. Ins. Co., 76 Mo. App. 42; Finley v. Dyer, 79 Mo. App. 604; Byrne v. Railway, 75 Mo. App. 36; Adams v. Ellis, 86 Mo. App. 343; VanCleve v. St. Louis, 159 Mo. 574; Barnett v. Singer Mfg. Co., 83 Mo. App. 76; Jackson v. Wabash, 85 Mo. App. 443.

BLAND, P. J.—The suit was commenced before a justice of the peace on the following complaint:

"St. Louis, Mo., Sept. 30, 1904.

"St. Louis & Suburban Railway Company (a corporation and common carrier), Dr.

"To John C. Barr: For personal injuries sustained by plaintiff on Sunday, Sept. 25, 1904, about 12:30 p. m., at Ailanthus street and Suburban tracks in the city of St. Louis, Missouri, whilst attempting to board one of defendant's passenger cars with the intent to become a passenger, by reason of the agents of defendant starting said car before plaintiff could reach a place of safety thereon and thereby throwing plaintiff violently to the ground, whereby his right shoulder was fractured and bruised, and he was otherwise severely bruised and hurt to his damage in the sum of $500."

From the judgment of the justice, the cause was appealed to the circuit court, where on a trial *de novo* plaintiff recovered a judgment for five hundred dollars, from which defendant appeals to this court.

The evidence of the plaintiff is that about 12:30 p. m., on September 25, 1904, he, in company with a Mrs. Henderson and her little daughter (with whom plaintiff resided) went to defendant's stationary platform at the end of Ailanthus street, in the city of St. Louis, for the purpose of taking passage on one of defendant's cars traveling east. The stationary platform was from thirty to thirty-five feet long and about four feet wide and came up about on a level with the lower step of the car. It had a railing along the side opposite the car but none on either end. A car came along, was hailed by Mrs. Henderson and came to a full stop, with the rear vestibule within from twelve to eighteen inches of the east end of the stationary platform. Plaintiff was almost blind and was led about by the little girl. Mrs. Henderson got on the platform of the car. Plaintiff testified that he was cautioned by the little girl to look out that the car was near the end of the platform; that she at this time had him by the hand leading him and he told her to precede him on the car; that he took hold of the hand-rail with his left hand and placed his left foot on the car step and just at that moment the car either started or gave a jerk and threw him into a ditch at the end of the platform, injuring his right shoulder. Plaintiff was corroborated by the evidence of Mrs. Henderson, the little girl and Dr. Pauley.

The conductor of the car testified that he was standing on the rear vestibule and the little girl told him plaintiff was blind; that plaintiff was coming along the stationary platform with one hand on the railing and he (the conductor) reached out to take him by the arm but his arm was too short and plaintiff walked off the end of the platform and fell into the ditch; that the car had come to a full stop and did not move or give a jerk in any direction until after the plaintiff fell into the ditch and was picked up; that plaintiff did not touch the car until he fell over into the ditch, when in falling he struck the car. The conductor was corroborated by Michael

Lavin, who testified that he was on the rear vestibule, saw the plaintiff walk off the end of the stationary platform and fall into the ditch; that before falling he had not touched the car either with his hand or foot.

The motorman swore that after coming to a full stop the car was not moved an inch in any direction until after the plaintiff fell into the ditch and was picked up.

1. On the trial defendant objected to the introduction of any evidence on the ground that the complaint failed to state any cause of action. The complaint states all that the law requires in a suit commenced before a justice of the peace. It fully informed the defendant what the suit was for, on what account it was brought and enough of the particulars were given to enable it to prepare its defense.

2. Because the word "negligence" is omitted from the following instruction given for the plaintiff, defendant contends that it is erroneous:

"1. If the jury find and believe from the evidence, that on or about the twenty-fifth day of September, A. D. 1904, one of defendant's cars was hailed at or near Ailanthus street and defendant's tracks, for the purpose of plaintiff becoming a passenger thereon and that defendant's servants and employees stopped said car at or near the end of the platform from which defendant was accustomed to receive passengers, and that whilst plaintiff was in the act of boarding said car, and before he had time to reach a place of safety on said car, defendant's motorman started said car forward in such a manner as to drag plaintiff from said platform into a ditch or depression, into which plaintiff was thrown, and that he was thereby injured in his person, then your verdict should be in favor of the plaintiff."

The instruction required the jury to find facts that constituted negligence and to have prefixed the term would not have improved the instruction in the least.

3. For the defendant the court gave, with others, the following instructions:

"5. The court instructs the jury that if they believe from the evidence in this case that plaintiff fell from the station platform at Ailanthus street before he touched defendant's car, the jury will find against plaintiff and in favor of defendant.

"6. The court instructs the jury that if you believe from the evidence in this case that plaintiff was in charge of and relied upon Mrs. Henderson and her daughter, Serene, and that they or either of them was negligent at the time and place, and in view of the circumstances surrounding plaintiff's alleged injury, and that such negligence on their part, if any, directly contributed to plaintiff's injury or fall, if any, then you will find your verdict in favor of the defendant herein and plaintiff cannot recover."

These two instructions, with number one given for plaintiff, fully, plainly and correctly declare the whole law of the case and there was no need of any others, except the one on the measure of damages which is unobjectionable. Other instructions were given for both parties and, while needless, they are harmless and do not call for a reversal of the judgment.

4. Defendant assigns as error the refusal of the following instruction:

"The court instructs the jury that they will not allow any damages for medical expenses in this case, nor will they allow any damages for any permanent injuries alleged by plaintiff in his evidence to have been sustained by him."

Plaintiff offered no evidence to prove that he had paid or incurred any liability for medical expenses. Plaintiff's instruction on the measure of damages does not include medical expenses as an element of damages. It only authorizes the jury to assess compensation for the injury to plaintiff's shoulder and for pain and suffering. There was, therefore, nothing in the evidence or

the instruction given for the plaintiff that warranted the giving of defendant's refused instruction. If the plaintiff's evidence gives a true history of the occurrence then there is no doubt of his right to recover; on the other hand, if defendant's evidence is true, plaintiff had no right of action. The conflict in the evidence was solved by the jury in plaintiff's favor and nothing remains for this court to do but to affirm the judgment.

The judgment is affirmed. All concur.